JOHN M LEUBBERKE, City Attorney
State Bar No. 164893
SHELLEY L. GREEN, Assistant City Attorney
State Bar No. 161521
425 N. El Dorado Street, Second Floor
Stockton, California 95202
Telephone: (209) 937-8333

Attorneys for City Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA CANO and MARIO CHE CANO, Individually and both,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, FORMER STOCKTON POLICE CHIEF THOMAS MORRIS, and STOCKTON POLICE OFFICER ALAN LAMBERTSON,<br><br>　　　Defendants. | CASE NO. 2:09-CV-01226-FCD-EFB<br><br>**STIPULATED PROTECTIVE ORDER** |

　　　Subject to the approval of this Court, the parties hereby stipulate to the following Protective Order:

　　　1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived therefrom as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns information, for purposes of this stipulation, kept in the personnel and internal affairs files of the defendant Stockton Police Department law enforcement personnel or any other law

enforcement agency or medical record information of Decedent Mariano Cano (except where a HIPAA release is given and accepted.)  It has been agreed that the personnel records will be limited to the past five years.  Internal Affairs Records are limited to the past five years unless any exist that have not been destroyed beyond that date.

By designating a document, thing, material, testimony, or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis, both in law and in fact, for the designation within the meaning of Fed. R. Civ. P. 26(g).

2.  Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3.  Testimony taken at a deposition, conference, or pretrial hearing~~, or trial~~ may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential and to label such portions appropriately.  A party seeking to admit or present confidential documents or information at trial shall submit a stipulation or

2

request for a trial protective order along with the party's pretrial statement.  *See* E.D. Cal. L.R. 141.1(b)(2).

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) A person, entity, or party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action, including that the contents of a specific prior internal investigation or similar file or document may be discussed with the person who is the subject matter of the incident described in such document, or persons who were witnesses thereto, and to the extent there exists any photos, diagrams, and the like which may identify the subject matter, events, location, participants, and the like, such identification information may be shown to the person who is the subject matter (the latter shall be defined as "receiving" by a "qualified person");

(b) Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) Court reporter(s) employed in this action;

   (d) A witness at any deposition or other proceeding in this action; and

   (e) Any other person as to whom the parties in writing agree.

  Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a Nondisclosure Agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

  6. Depositions shall be taken only in the presence of qualified persons when Confidential Material will be discussed.

  7. The parties may further designate certain discovery material or testimony of a highly confidential nature as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material") in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified person" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply.

  8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or

4

1  from disclosing its own Confidential Material as it deems
2  appropriate.
3      9.   If Confidential Material, including any portion of a
4  deposition transcript designated as Confidential or Attorney's
5  Eyes Only Material, is included in any papers to be filed in
6  Court, ~~such papers shall be labeled "Confidential-Subject to~~
7  ~~Court Order" and filed under seal until further order of this~~
8  ~~Court~~ the party seeking to include the Confidential Material
9  shall file a request to seal the Confidential Material in
10 accordance with Eastern District of California Local Rule 141.
11     10.  In the event that any Confidential Material is used in
12 any pre-trial court proceeding in this action, it shall not lose
13 its confidential status through such use, and the party using
14 such Confidential Material shall take all reasonable steps to
15 maintain its confidentiality during such use.
16     11.  This Order shall be without prejudice to the right of
17 the parties (i) to bring before the Court at any time the
18 question of whether any particular document or information is
19 confidential or whether its use should be restricted, or (ii) to
20 present a motion to the Court under Fed. R. Civ. P. 26(c) for a
21 separate Protective Order as to any particular document or
22 information, including restrictions differing from those as
23 specified herein.  This Order shall not be deemed to prejudice
24 the parties in any way in any future application for modification
25 of this Order.
26     12.  This Order is entered solely for the purpose of
27 facilitating the exchange of documents and information between
28 the parties to this action without involving the Court

1  unnecessarily in the process.  Nothing in this Order nor the
2  production of any information or document under the terms of this
3  Order nor any proceedings pursuant to this Order shall be deemed
4  to have the effect of an admission or waiver by either party or
5  of altering the confidentiality or nonconfidentiality of any such
6  document or information or altering any existing obligation of
7  any party or the absence thereof.
8       13.  This Order shall survive the final termination of this
9  action, to the extent that the information contained in
10 Confidential Material is not or does not become known to the
11 public, and the Court shall retain jurisdiction to resolve any
12 dispute concerning the use of information disclosed hereunder.
13 Upon termination of this action, counsel for the parties shall
14 assemble and return to each other all documents, material, and
15 deposition transcripts designated as confidential and all copies
16 of same, or shall certify the destruction thereof.
17      SO STIPULATED:
18 Dated: March 23, 2011           John M. Luebberke (SBN 164893)
                                   Shelley L. Green (SBN 161521)
19                                 City Attorney's Office
                                   425 N. El Dorado St., Second Floor
20                                 Stockton, California 95202
                                   Telephone: (209) 937-8333
21
22
                                   By:  /s/ *Shelley L. Green*
23                                      Shelley L. Green

24                                 Attorneys for CITY DEFENDANTS

25

26 Dated: March 23, 2011           Vittoria M. Bossi (SBN 154694)
                                   Clair & Bossi
27                                 2155 West March Lane, Suite 1A
                                   Stockton, CA  95207
28                                 Telephone:  (209) 477-1800

STIPULATED PROTECTIVE ORDER

```
                                    By:  /s/ Vittoria M. Bossi
                                         Vittoria M. Bossi

                                    Attorneys for Plaintiffs
                                    ANGELINA CANO and MARIO CHE CANO

     APPROVED AND SO ORDERED.

Dated:   March 24, 2011.

                                         _____
                                         EDMUND F. BRENNAN
                                         UNITED STATES MAGISTRATE JUDGE
```

Attachment A

<u>NONDISCLOSURE AGREEMENT</u>

   I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in Angelina Cano, et al. v. City of Stockton, et al., United States District Court, Eastern District, Case No. 2:09-CV-01226-FCD-EFB and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____

                                        _____